*770 Vehicle and Traffic Law § 510 (2) (a) (iv) provides that the New York State Department of Motor Vehicles (hereinafter the DMV) is to issue a mandatory driver’s license revocation where the holder is convicted “of a third or subsequent violation, committed within a period of eighteen months, of any provision of section eleven hundred eighty of this chapter [speeding], any ordinance or regulation limiting the speed of motor vehicles.”
The petitioner was issued speeding tickets on August 21, 2005, February 10, 2006, and July 26, 2006, respectively. On or about November 27, 2007 the petitioner entered a plea of guilty with respect to the ticket issued on August 21, 2005. On November 28, 2007 the DMV revoked the petitioner’s driver’s license for at least 6 months pursuant to Vehicle and Traffic Law § 510 (2) (a) (iv) on the ground that the petitioner had been convicted of three speeding violations within 18 months. The DMV further informed the petitioner that he was not entitled to the issuance of a restricted use license (see Vehicle and Traffic Law § 530; 15 NYCRR 135.2) because he had been issued a restricted use license within the past three years (see 15 NYCRR 135.7 [a] [7]).
On November 28, 2007, the date of the subject revocation, the petitioner had not yet been convicted of three speeding violations during an 18 month period. As a result, the DMV’s determination that the petitioner’s driver’s license was subject to a mandatory revocation pursuant to Vehicle and Traffic Law § 510 (2) (a) (iv) did not have a rational basis, and the imposition of that penalty constituted an abuse of discretion (see generally CPLR 7803 [3]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Accordingly, under the circumstances, the Supreme Court properly determined that the petitioner was not prohibited from obtaining a restricted use license. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.